## mlflorence@cfl.rr.com

**From:** "James Homich" <jhomich@earthlink.net>
**Date:** Thursday, September 01, 2011 2:46 PM
**To:** "Joel Gross PA" <jlgpa@cfl.rr.com>
**Subject:** Re: Hickey Property

Since your client indicated that he would surrender the property on his sworn petition and at the meeting, if I prepare and send you a quitclaim deed will he execute it thereby surrendering the property. If he chooses not to surrender it, I am left with two options, one is to compel him to do what he agreed to do or to seek a stay and then foreclose and seek a deficiency judgment for the >$100,000 my client has lost since that debt will not have been wiped out in bankruptcy as your client will have retained title to the property after bankruptcy. I am trying to save your client additional debt with a simple transaction. Even if you avoid the deficiency he will certainly be liable for the costs.

James L. Homich, Esq.
621 E. Fifth Avenue
Mount Dora, Florida 32757
352.383.3031 (fax.8833)

> ----- Original Message -----
> **From:** Joel Gross PA
> **To:** James Homich
> **Sent:** Tuesday, August 30, 2011 9:48 AM
> **Subject:** Re: Hickey Property
>
> Those cases are on a different matter entirely, specifically the "ride through." It was very common before the 2005 changes and is still done today, but some banks have challenged it and they are correct, if you try to do it without the creditors consent you cant do it at all anymore. Your asking something entirely different here.
>
> I will amend the petition to add Hickey as a secured creditor on the car, and we will file a motion to redeem it.
>
> I can see this is not about the money anymore. I'm not trying to steer your client in a direction that is bad for him. I was merely trying to do this in the easiest most inexpensive way.
>
> ----- Original Message -----
>
> **From:** James Homich
> **To:** Joel Gross PA
> **Sent:** Tuesday, August 30, 2011 9:22 AM
> **Subject:** Re: Hickey Property
>
> Authority for such action is set forth in In re Steinberg 447 B.R. 355 and In re Linderman 435 B.R. 715 citing Bankruptcy Code Sec 521(2)(a). You also have not amended the petition or turned over the personal property.
>
> James L. Homich, Esq.
> 621 E. Fifth Avenue
> Mount Dora, Florida 32757
> 352.383.3031 (fax.8833)

----- Original Message -----
**From:** Joel Gross PA
**To:** James Homich
**Sent:** Tuesday, August 30, 2011 8:51 AM
**Subject:** Re: Hickey Property

I don't know of any law that says you can force my client to sign a quit claim deed. Your remedy is to foreclose on the property in state court. If you could force a debtor in bankruptcy to sign a quit claim deed the mortgage companies would do that now. If you have binding case that says that let me know.

----- Original Message -----
**From:** James Homich
**To:** jlgpa@cfl.rr.com
**Sent:** Monday, August 29, 2011 4:36 PM
**Subject:** Hickey Property


James L. Homich, Esq.
621 E. Fifth Avenue
Mount Dora, Florida 32757
352.383.3031 (fax.8833)

## mlflorence@cfl.rr.com

**From:** "James Homich" <jhomich@earthlink.net>
**Date:** Monday, August 29, 2011 4:36 PM
**To:** <jlgpa@cfl.rr.com>
**Attach:** Gross Ltr.pdf
**Subject:** Hickey Property

James L. Homich, Esq.
621 E. Fifth Avenue
Mount Dora, Florida 32757
352.383.3031 (fax.8833)

# James L. Homich
## LAWYER

621 E. FIFTH AVENUE
MOUNT DORA, FLORIDA 32757
352.383.3031 fac.8833

August 29, 2011

Via Electronic Transmission to jlgpa@cfl.rr.com

Mr. Joel L. Gross
655 West Highway 50, Suite 101
Clermont, FL 34711

re: Plummer Mortgage/Lincoln

Mr. Gross,

    I reviewed the offer and the law with my client, Mr. Hickey, and he is unwilling to allow your client in to retain the car in exchange for a deed to the real property. As you are aware your client indicated at the meeting that his intention was to surrender the property. He also affirmed the fact that the car is security for Mr. Hickey's debt. You indicated that you would be amending the petition to reflect this fact. As I have not received either the vehicle or an amendment, I will have to object to any discharge. Additionally, I expect for Mr. & Mrs. Plummer to execute a Quitclaim Deed for the real property to effect the surrender of the property as I assume they do not want to amend the petition to reaffirm the debt or redeem it.

    Please advise by Friday whether the Plummers will voluntarily surrender the secured property in question so that we can avoid delaying their discharge.

Sincerely,

James L. Homich

cc: Mr. Hickey