INSTRUMENT#: 2013062059 OR BK 4331 PG 2194 PAGES: 6 6/3/2013 11:56:42 AM
NEIL KELLY, LAKE COUNTY CLERK OF THE CIRCUIT COURT
REC FEES: $0.00

Case 6:11-bk-09917-KSJ Doc 91-4 Filed 08/16/13 Page 1 of 6

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

Case No.: 2012 CA 003271

WILLIAM HICKEY and
MARY JANE HICKEY,
    Plaintiffs

vs.

FRED K. PLUMMER, BETTY A. PLUMMER, KEVIN BLACKLIDGE,
SIMON BRAZIL, UNKNOWN TENANT(S),
REGIONAL ASSET SERVICING CORPORATION, a Florida Corporation, and
the UNITED STATES OF AMERICA.
    Defendants.

## SUMMARY FINAL JUDGMENT FOR FORECLOSURE

THIS CAUSE came on for final hearing on Plaintiffs' Motions for Summary Judgment and upon the evidence presented, it is ORDERED AND ADJUDGED:

1. JURISDICTION OVER THE PARTIES AND SUBJECT MATTER.

This Court has jurisdiction over foreclosure cases pursuant to Florida Statutes. Service of process has been secured upon all of the Defendants. Defaults were entered on January 28, 2013, as to KEVIN BLACKLIDGE, SIMON BRAZIL, UNKNOWN TENANT(S), and REGIONAL ASSET SERVICING CORPORATION, a Florida Corporation. The defendant, United States of America, answered the complaint on November 8, 2012, requesting protection of its right of redemption only. The defendants, FRED K. PLUMMER and BETTY A. PLUMMER, did not answer the complaint or raise any affirmative defenses but filed a Notice of Filing of the defendants' Bankruptcy filing and discgharge.

2 THE DEBT AND ITS VALIDITY.

The Mortgage, executed by Defendants, FRED K. PLUMMER and BETTY A. PLUMMER, sued upon by the Plaintiffs constitutes a valid and superior lien to the interest of the Defendants upon the real estate encumbered thereby and therefore are established or re-established. The Mortgage is in default as alleged in the Complaint. The Plaintiffs are entitled to foreclose their interests, liens, and encumbrances under said Mortgage and have the proceeds of sale applied in payment of the sums due to the Plaintiffs.

3. PLAINTIFFS' LIEN ON PROPERTY AND SUPERIORITY.



From the Affidavits in the file and the uncontested allegations of the Complaint, the correct legal description of the real and personal property is as shown below. Plaintiffs have a lien upon the real estate and tangible personal property hereinafter described and such lien and security interests are prior, paramount and superior to the right, title, interest, claims, liens, encumbrances and equities of the Defendant and all persons claiming any interest since the filing of the Lis Pendens in the property more particularly described as follows, to-wit:

Description: Lot 5 and the East 1/2 of Lot 7 in Block 105, Indian Hills, according to the Plat thereof, recorded in Plat Book 8, pages 17 through 23, inclusive, and Plat Book 8, Page 86, of the Public records of Lake County, Florida;
Address: 1029 Magnolia Street, Clermont, Florida 34711;
Parcel ID No.: 24222250100-105-00500

4. ATTORNEY'S FEES.

(a) The Mortgage provides for the Plaintiffs' attorney's fees.

(b) The Plaintiffs have retained an attorney to foreclose the Mortgage. The Court finds 7.95 hours will have reasonably been expended by Plaintiffs' attorney, as set forth on said attorney's Affidavit. The hourly fee of $275.00 is a reasonable hourly fee.

(c) Prior to this foreclosure, the Defendants, FRED K. PLUMMER and BETTY A. PLUMMER filed for bankruptcy. The Plaintiffs retained attorneys to represent them in the bankruptcy.

(d) Below is the total fee awarded pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

5. DAMAGES.

(1) There is now due and owing to Plaintiffs under the Mortgage, executed by Defendants, FRED K. PLUMMER and BETTY A. PLUMMER, sued upon herein, the following sums of money:

| | |
|---|---|
| Principal: | $190,000.00 |
| Interest: | $97,696.00 through May 29, 2013 |
| Costs: | $1,712.90 |
| Attorney's Fees: | $3,011.25 |
| TOTAL DUE | $292,420.15 |

(2) Statutory Interest in accordance with Florida law shall accrue pursuant to §55.03 Fla.Stat. legal interest or interest at the contract rate, whichever is less, on the "TOTAL" shown above from the date hereof until collected in full.

6. ADDITIONAL COSTS AND ADVANCES.

6.1. Any third party bidder is responsible for paying the Registry Fee and Documentary Stamps. The Clerk shall compute the Registry Fee and Documentary Stamps and collect said amounts from the third party bidder. Also, additional advances made by Plaintiffs such as real estate taxes, insurance, and superior mortgagee payments may be added upon filing of an affidavit by the Plaintiffs listing them without hearing and without entry of an Amended Final Judgment. Any such amount listed in Plaintiff's amended affidavit of costs and expenses will be added to the total bid.

6.2. Additionally, the total sum due Plaintiffs shall include publication of Notice of Sale costs, interest at the contract rate or the legal rate whichever is less per §55.03, Fla.Stat., from the date of this Final Judgment to the date of sale. Said interest shall be applied in accordance with paragraph 5.(2) above.

7. CLERK'S SALE.

7.1. DIRECTIONS TO SELL.

Unless the Defendant shall, at any time prior to the sale of the real estate and other property and fixtures heretofore described, pay to the Plaintiffs or their attorneys, the total sums found to be due Plaintiffs, then said property shall be sold by the Clerk of the Court to the highest bidder for cash at public sale, free and clear of all right, title, interest, claim, lien, encumbrance, remainders, reversion, homestead, dower or equity of redemption whatsoever of the Defendant named herein, and all persons, firms or corporations claiming interest in said property subsequent to the filing of the Notice of Lis Pendens.

SALE NO SOONER THAN __60__ DAYS FROM DATE OF THIS FINAL JUDGMENT.

7.2. DATE.

Pursuant to §45.031 Fla. Stat., the Clerk of the Court is hereby directed to conduct the public sale within thirty-five (35) days of the date of this Judgment and therefore, the sale shall be held by the Clerk of this Court on the first floor of the Lake County Judicial Center, 550 W. Main St., Tavares, Florida, on __AUG 0 1 2013__, 2013, at 11:00 a.m., after the publication of notice thereof as required by §45.031 of the Fla. Stat., and promptly after such sale the Clerk shall complete and file a Certificate of Sale.

7.3. PLAINTIFFS' BID RIGHTS.

The Plaintiffs are hereby given leave to bid at said sale and to apply against any bid made by it the amount found to be due Plaintiffs in this Final Judgment. §45.031(2), Fla.Stat., requires that the high bidder post with the Clerk a deposit equal to five percent of the final bid or $1,000.00, whichever is less. However, if the Plaintiffs or their assignee are the successful bidder they are excluded from the deposit requirement. In the event that the successful bidder fails to place the requisite deposit in accordance with Florida Statutes with the Clerk, said bid is void and sale shall go to the second highest bidder who shall also comply with said Statutes in relation to the required deposit.

7.4. CLERK'S DISBURSEMENT.

Out of the proceeds arising from the sale, the Clerk shall retain their fee, then shall pay to the attorneys for Plaintiffs the attorney's fees and Court costs allowed by this Court in this Judgment and this shall be in a separate check made to James L. Homich, Lawyer, and mailed to 621 E. Fifth Avenue, Mount Dora, Florida 32757. From the remainder of the proceeds, as far as they shall apply in satisfying the Plaintiffs' remaining sum due, they are to be sent their check to James L. Homich, at the above address, and payable to the Plaintiffs.

7.5. SURPLUS FUNDS.

If said real property and other property shall sell for more than enough to pay the Plaintiffs all sums due them, then the Clerk shall report any surplus proceeds to this Court. The Clerk of Court shall hold the surplus in the Registry of this Court. Thereafter, upon motion and notice of hearing to all parties, even those defaulted, the Court will adjudicate the rights thereto according to law and equity. *General Bank v. Westbrook Pointe, Inc.*, 548 So.2d 736 (Fla. 3d DCA 1989). IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK OF COURT NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

7.6. PRESENCE OF PLAINTIFFS AT SALE.

The said sale shall not take place unless a representative of the Plaintiffs is present. If there is no representative, then the sale shall be cancelled by the Clerk. The Plaintiffs' attorney shall secure a new sale date. If a sale shall take place, it shall be null and void and no documents issued by the Clerk, except to inform this Court of what may have occurred.

7.7. FORECLOSURE OF ALL INTEREST.

On filing the Certificate of Sale, the Defendants, FRED K. PLUMMER and BETTY A. PLUMMER, and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

8. TITLE TO SUCCESSFUL BIDDER.

If no objections to said sale are filed in this proceeding within ten (10) days from the filing of the Certificate of Sale, the Clerk shall forthwith complete and file a Certificate of Title as prescribed by law, after which the sale of the real estate and other property and fixtures shall stand confirmed as certified by the Clerk. Title shall pass fully and completely to the purchaser named in the Certificate of Title free and clear of any right, title, interest, estate, claim or equity of redemption of the Defendant or any person claiming by, through or under them or any person claiming any interest in said real estate or other property and fixtures herein ordered to be sold shall stand confirmed as certified by the Clerk. Title to the real estate and other properties sold shall pass

fully and completely to the purchaser named in the Certificate of Title free and clear of any right, title, interest estate, claim or equity or redemption of the Defendant or any person claiming by, through or under them or any person claiming any interest in said real estate or other property and fixtures since the filing of the Notice of Lis Pendens herein. Upon sale being had in accordance with Chapter 45 of the Florida Statutes and upon the aforesaid confirmation.

9. WRITS OF POSSESSION ISSUANCE.

9.1. After the Certificate of Title is issued by the Clerk of this Court, then the Clerk shall issue without further order one or more Writs of Possession. The Writs of Possession shall put the buyer at the foreclosure sale in possession of the land and property which was sold on the Courthouse steps. The Writs of Possession shall be in the name of the successful bidder. The addresses for which the Writ of Possession shall be issued is:

1029 Magnolia Street, Clermont, Florida 34711;

9.2. In the event that any Defendant has failed to remove any item or items of personal property from the subject real estate at the time of the issuance of the Writ of Possession as provided above, the successful buyer at the foreclosure sale shall be entitled .to dispose of such personal property at his discretion. In the event the successful bidder at the foreclosure sale acquires possession of the subject real estate after issuance of the Certificate of Title or by any other means and personal property of any other Defendants remains on the subject real estate, said successful bidder shall be entitled to dispose of said personal property at his discretion.

10. RETENTION OF JURISDICTION.

(a) This Court retains jurisdiction for the purpose of making any further orders and judgments as may be necessary and appropriate herein.

(b) The Defendants, FRED K. PLUMMER and BETTY A. PLUMMER, 1029 Magnolia Street, Clermont, Florida 34711; are not personally liable on the Note due to their discharge in bankruptcy case number 6:11-bk-09917-KSJ., filed in the Middle District of Florida on June 30, 2011 and, therefore, have no personal liability for the amount due under the note (principal and Interest) from this Judgment. However, due to the Defendants failure to surrender the property to the plaintiffs in accordance with their approved plan and 11 U.S.C. 722, the Defendants shall be liable for the costs and attorney's fees associated with this transaction as such costs and fees were incurred after the bankruptcy discharge and the property was not transferred by the defendants according to the approved plan during the bankruptcy proceedings.

11. COMPLIANCE WITH FLORIDA STATUTES CHAPTER 55

Pursuant to Florida Statutes Chapter 55 the following is the address of the Plaintiffs: WILLIAM HICKEY and MARY JANE HICKEY, 1741 Stafford Springs Blvd., Mount Dora, FL 32757.

DONE AND ORDERED in Chambers at Tavares, Lake County, Florida this 29th day of May, 2013.

*[signature]*
MARK J. HILL
CIRCUIT JUDGE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon:

James L. Homich, Esquire, 621 E. Fifth Ave., Mount Dora, Florida 32757;
Joel L. Gross, 655 West Highway 50, Suite 101, Clermont, FL 34711;
Robert E. O'Neill, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602;
Simon Brazil, 1029 Magnolia Street, Clermont, Florida 34711;
Kevin Blacklidge, 1029 Magnolia Street, Clermont, Florida 34711

by U.S. Mail this 31st day of May, 2013

*[signature]*